**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION**

| | | |
|---|---|---|
| Robin Matthias, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No.   3:19-cv-182 |
| Tate & Kirlin Associates, Inc., a Pennsylvania corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Robin Matthias, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3.     Plaintiff, Robin Matthias ("Matthias"), is a citizen of the State of Wisconsin, residing in the Western District of Wisconsin, from whom Defendants attempted to

collect a defaulted consumer debt, which was allegedly owed originally to WebBank/ Santander Consumer USA.

4.      Defendant, Tate & Kirlin Associates, Inc. ("Tate"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Tate operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Wisconsin. In fact, Defendant Tate was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Wisconsin. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

2

**FACTUAL ALLEGATIONS**

7.      Ms. Matthias fell behind on paying her bills, including a debt she allegedly owed for a WebBank/Santander account.  Defendant Tate sent Ms. Matthias an initial form collection letter, dated April 3, 2018, demanding payment of this debt.  This collection letter listed three different entities as the creditor: "WEBBANK was listed as the "Original Creditor", "LVNV FUNDING, LLC" was listed as the "Creditor" and "SANTANDER CONSUMER USA" was listed as the "Previous Creditor".  Moreover, the letter stated that the debt "had been listed with our office for collection", but did not state by whom it had been "listed".  A copy of Defendants' letter is attached as Exhibit A

8.      Defendants' letter failed to explain what, if any, the difference was between the "original creditor", the "creditor" and "previous creditor", and who had "listed" the account with Defendant Tate for collection.  Plaintiff is informed through counsel that Defendant LVNV likely bought the debt at issue after default, and that Defendant Tate was representing only LVNV.  Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

9.      A simple statement Tate represented LVNV, or that LVNV had bought the debt and now owned it, would have helped to identify effectively the name of creditor to whom the debt was then owed.

10.      Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in

determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

11.    Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Matthias with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15.    Defendants' form collection letter -- by identifying three different entities as the creditor: WEBBANK as the "original creditor", LVNV FUNDING as the "creditor" and SANTANDER CONSUMER USA as the "previous creditor", and then stating that the debt "had been listed with our office for collection", without stating who the debt was now owed to or who had "listed it" with Defendant Tate -- failed to identify effectively the name of the current creditor to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 321-23; see also, Taylor v. Alltran Financial, 2018 U.S.Dist.LEXIS 159862 at [*6]-[*10](S.D.Ind. 2018); Long v. Fenton & McGarvey Law Firm, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 at [*7]-[*9](S.D. Ind. 2015); Deschaine v. National Enterprise

4

Systems, 2013 U.S. Dist. LEXIS 31349 at [*3](N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 at [*4]-[*6](N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions,  2011 U.S. Dist. LEXIS 123118 at [*3]-[*4](N.D. Ill. 2011).

16.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

17.     Plaintiff, Robin Matthias, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Wisconsin from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a WebBank/Santander Consumer USA account, via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18.     Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Matthias, in their attempts to collect defaulted consumer debts from other consumers.

19.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent Plaintiff Matthias.

20.     Plaintiff Matthias' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the

5

Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22.     Plaintiff Matthias will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Matthias has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Robin Matthias, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Matthias Class Representative of the Class, and her attorneys as Class Counsel;

6

3.      Find that Defendants' form collection letters violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Matthias and the Class, and against

Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Robin Matthias, individually and on behalf of all others similarly situated,

demands trial by jury.

Robin Matthias, individually and on
behalf of all others similarly situated,


By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 8, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Matthew C. Lein     (Wis. Bar No. 1084028)
Lein Law Offices
P.O. Box 761
15692 Highway 63 North
Hayward, Wisconsin 54843
(715) 634-4273
(715) 634-5051 (FAX)
mlein@leinlawoffices.com