IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBIN MATTHIAS, individually and
on behalf of others similarly situated,

                          Plaintiffs,

v.

TATE & KIRLIN ASSOCIATES, INC. and
LVNV FUNDING, LLC,

                          Defendants.

OPINION AND ORDER

19-cv-182-slc

Plaintiff Robin Matthias brings this action on behalf of himself and other similarly-situated individuals, alleging that defendants Tate & Kirlin Associates, Inc. (T&K) and LVNV Funding, LLC sent him and other consumers a form collection letter that failed to clearly state the name of the current creditor to whom their debt is owed, in violation the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g(a)(2). Specifically, Matthias alleges that the form letter is misleading as to who owns the defaulted debt because it lists three different entities as the creditor, does not make clear what entity listed the debt for collection, and identifies twelve other entities that may collect personal information.

Now before the court is Matthias's motion for class certification. Dkt. #34. For the reasons explained below, I am granting the motion but I am directing Matthias to clarify his class definition and file a proposed class notice. Finally, I am striking the remainder of the schedule in this case and will reset it after obtaining input from the parties.

## BACKGROUND

Matthias fell behind on paying a consumer debt that he allegedly owed to WebBank. T&K sent Matthias a form letter dated April 3, 2018, in which it demanded payment in the amount of $353.36 on this debt. The letter stated that the debt "had been listed with our office

for collection" and identified "WEBBANK" as the "Original Creditor," "LVNV FUNDING LLC" as the "Creditor," and SANTANDER CONSUMER USA as the "Previous Creditor." Dkt. 30-1. On a second page entitled "PRIVACY NOTICE," twelve other companies in addition to LVNV were listed as "Resurgent Companies" that may collect personal information. Dkt. 30-2.

Matthias seeks to certify the following class:

> All persons similarly situated in the State of Wisconsin from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a WebBank/Santander Consumer USA account, via the same form collection letter (Dkt. 30-1 and 30-2), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.

**OPINION**

**I. Rule 23 Requirements**

The requirements for class certification under Rule 23 are well established: (1) the scope of the class as to both its members and the asserted claims must be "defined clearly" using "objective criteria," *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must be sufficiently numerous, include common questions of law or fact, and be adequately represented by a plaintiff (and counsel) who have claims typical of the class, Fed. R. Civ. P. 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b). In this case, Matthias asks for certification under Rule 23(b)(3), which applies if "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

2

The parties agree that numerosity is not an issue because T&K sent approximately 265 similar collection letters to individuals in Wisconsin during the relevant time period. *See* 5 Moore's Federal Practice § 23.22[1][b] (3d ed.) ("A class of 41 or more is usually sufficiently numerous."). However, defendants contend that Matthias cannot satisfy any of the other three requirements of Rule 23(a) or any of the requirements of Rule 23(b)(2) or (3). In particular, defendants argue that Matthias's substantive claim is not viable and that he cannot show that the class members suffered a common injury or that his claim is typical of the claims of the putative class members, making him unable to fairly and adequately represent the proposed class.

Defendants' concern about the merits of Matthias's claim has nothing to do with class certification. Although defendants argue that some evaluation of the merits is permissible in determining whether the Rule 23 requirements have been met, *Boulet v. Nat'l Presto Indus., Inc.*, No. 11-cv-840-slc, 2012 WL 12996298, *5 (W.D. Wis. Dec. 21, 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)), that analysis is limited to "considerations that are emeshed in the factual and legal issues" comprising the plaintiff's claims, *Dukes*, 564 U.S. at 351. "[A]n argument that some class members' claims will fail on the merits . . . [is] a fact generally irrelevant to the district court's decision on class certification." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 823 (7th Cir. 2012); *see also Schleicher v. Wendt*, 618 F.3d 679, 687 (7th Cir. 2010) ("The chance, even the certainty, that a class will lose on the merits does not prevent its certification."). If defendants believe that Matthias and the class members cannot succeed on their claims or that their injuries are insufficient to confer standing, then appropriate response is to file a dispositive motion, not to file an opposition to class certification. *Rizzo v. Kohn Law Firm S.C.*, no. 17-cv-408-jdp, 2018 WL 3466935, at *3 (W.D. Wis. July 18, 2018).

3

I will address defendants' remaining concerns and the class definition and class notice separately below:

**A. Commonality, Typicality, Predominance, and Superiority**

There is significant overlap in the requirements for commonality and typicality under Rule 23(a)(1) and (2) and the requirements in Rule 23(b)(3) to show that common questions predominate and that a class action is superior to individual lawsuits. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge."); *Messner*, 669 F.3d at 814 (Rule 23(b)(3) predominance requirement is similar to Rule 23(a)'s requirements for typicality and commonality). All of these requirements focus on the question whether the court or the factfinder can resolve issues across the class rather than through individualized determinations. *See, e.g., Dukes*, 564 U.S. at 349-50 (citing *Falcon*, 457 U.S. at 157) ("Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"); *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (typicality is satisfied if class representative's claims have "same essential characteristics" as class members' claims); *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910, 911 (7th Cir. 2003) (ultimate question for Rule 23(b)(3) is whether "judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding").

A class-wide policy or practice related to a key issue of liability is one of the most common ways for plaintiffs to show that class certification is appropriate, even when there are some differences among the potential claims. Commonality is satisfied when determination of the truth or falsity will, in one stroke, resolve an issue that is central to the validity of each one of the

4

claims. The complexity of proof is a problem that plaintiffs will have to address when presenting their case on the merits but it does not negate predominance of the central, common issue. *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 374-75 (7th Cir. 2015). *See also Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class.").

In this case, the potential class members all received from defendants a collection notice that identified the same creditor, previous creditor and original creditor. The class also shares a common question of law: whether this letter violates the FDCPA's requirement that a collection notice clearly state the name of the current creditor to whom their debt is owed. *See Chapman v. Bowman, Heintz, Boscia & Vician, P.C.*, 2015 WL 9478548, at *3 (N.D. Ind. Dec. 29, 2015) (commonality present because all class members suffered from defendant's common practice of issuing standardized initial debt collection letters that did not contain proper disclosures under FDCPA).

Defendants argue that Matthias has not addressed whether he and the proposed class members suffered the same injury, or even what injury he suffered, and that he bases his claim on a unique and idiosyncratic interpretation of the collection letter. Defendants point out that other potential class members may have understood the difference between the terms "original creditor," "previous creditor," and "creditor." Howsoever persuasive these arguments might turn out to be in a dispositive motion, they are not appropriately considered on a motion for class certification for the reasons discussed above.

To the extent that defendants are arguing that individualized determinations will be necessary regarding each class member's understanding of the letter, their argument is misplaced. The Court of Appeals for the Seventh Circuit has held that

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion. Section 1692g(a) also does not have an additional materiality requirement, express or implied.
>
> *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

In addition, the test for whether a collection letter is misleading or confusing is based on "an unsophisticated consumer," not on each recipient's individual or subjective interpretation. *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863, 864 (7th Cir. 2019) (citing *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018)). Similarly, there is no authority supporting defendants' contention that Matthias must show that each putative class members' debt is a "consumer" debt subject to the FDCPA, thereby requiring a series of "mini trials." "[T]he need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action. If that need alone precluded certification, there would be no class actions under the FDCPA." *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 357 (N.D. Ill. 1998). Moreover, Matthias has clarified that during discovery, he asked defendants for the number of *consumer* debts that defendants sought to collect using the same collection letter that he received. As Matthias suggests, if defendants are concerned about whether all of the putative class members will be consumers, the class definition can be revised to specify consumer debts. Accordingly, I find that it will be possible for the court or jury to resolve the central issue in this case across the class rather than through individualized determinations.

Although the proposed class members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action will provide. Individually litigating each class member's claims would be expensive and time consuming, while consolidating and resolving the issues in one case would be efficient. There is no indication that any of the proposed class members have other litigation related to the claims at issue in this case, and the case presents no obvious management difficulties. Therefore, I agree that a class action is the best way to proceed in this case.

**B. Adequacy of Representation**

The question of adequate representation involves two inquiries: (1) whether the class representative's interests are aligned with those of the class, Rule 23(a)(4); and (2) whether class counsel is capable of litigating the case, Rule 23(g). *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

As a member of the class, Matthias has no apparent conflict with the rest of the class, and his interest in resolving the matter is the same as the class's interest. Defendants argue that Matthias is not an adequate representative because his deposition testimony suggests that he does not talk with his lawyers about the case or otherwise keep track of what is going on, and that he does understand the difference between an individual action and a class action. *See Ocampo v. GC Servs. Ltd. P'ship*, 2018 WL 6198464, *10-11 (N.D. Ill. Nov. 28, 2018) (finding plaintiff not adequate because he could not articulate in even basic terms what lawsuit was about, what a class action is, or his responsibilities, and was unwilling to bear any financial burden).

The bar that a proposed class representative needs to clear is low. The role of the class representative is nominal; "class action attorneys are the real principals and the class representative/clients their agents." *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). A general lack of sophistication or unfamiliarity with several facts or legal theories in the case does not render a plaintiff inadequate. *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 318 (N.D. Ill. 1995) (citing cases). For instance, in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966), the named plaintiff did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, and did not know the defendants by name or even the nature of the misconduct of the defendants; but this was not enough to defeat class certification. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir.1981) (describing *Surowitz* as extreme case but finding it illustrates "flexibility and broad area for the exercise of the trial court's common sense and good judgment").

At most, "plaintiffs have a 'modest' burden to demonstrate '[a]n understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery.'" *Zollicoffer v. Gold Standard Baking, Inc.*, 2020 WL 1527903, at *26 (N.D. Ill. Mar. 31, 2020) (quoting *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 394 (N.D. Ill. 2006)). Matthias's deposition testimony does not suggest that he is completely uninformed about or disinterested in this lawsuit. Accordingly, I find that Matthias will be an adequate class representative.

Next, in appointing class counsel, the court must consider the work that the attorneys did to identify and investigate the claims, their experience in similar cases, their knowledge of the

law and the resources that they will commit to the representation. Fed. R. Civ. P. 23(g)(1)(A). Matthias is represented by four attorneys from two different law firms: David Philipps, Mary Philipps, and Angie Robertson of Philipps & Philipps, Ltd. and Matthew Lein of Lein Law Offices. However, only David Philipps has submitted information regarding his qualifications and experience and those of his partner, Mary Philipps, and senior associate, Angie Robertson.

David Philipps avers that since the early 1990s, numerous state and federal courts throughout the Seventh Circuit have appointed him and his law firm as class counsel in dozens of consumer and investment class actions, including those brought under the FDCPA. The Philipps & Philipps attorneys have represented Matthias since he filed the case and they have investigated the claim, conducted extensive discovery, researched the law and engaged in motion practice. Their history with this case suggests that they will competently and vigorously represent the class. Defendants do not object to Philipps's qualifications. Accordingly, Attorneys David Philipps, Mary Philipps, and Angie Robertson have satisfied the Rule 23 requirements and will be appointed class counsel. Because Matthias does not discuss Attorney Lein's experience or abilities in his motion and does ask that he be included as class counsel, the court will not consider or approve Lein as class counsel.

**II. Certification and Class Notice**

In sum, I am persuaded that class certification is appropriate under Rule 23(b)(3). Matthias has met all the requirements of Rule 23(a): the class is sufficiently numerous; the class claims share common questions; Matthias's claim is typical of the class; and Matthias is adequate, as are class counsel, in representing the class. Matthias also has satisfied the

requirements in Rule 23(b)(3) to show that common questions predominate for the purpose of determining liability and that a class action is a superior method of resolving liability.

Although Matthias's proposed class definition is fine in theory and defendants have not objected to its wording, it inappropriately contains general legal terms like "defendants," "plaintiff," and "similarly situated," and it refers to entries in the court docket. The class definition must contain enough specific information for potential class members to determine whether they fall within it. *See Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 905 (7th Cir. 2012) (scope of class should be "readily discernible"). Therefore, I will give Matthias an opportunity to submit a proposed class definition that more clearly explains what collection letter is at issue, who sent it, and the relevant time period for the class.

That leaves class notice. Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Generally, plaintiff's counsel includes a proposed class notice with their motion for certification, but counsel failed to do that here. I will give Matthias the opportunity to do that now. He should take care to include all the information required under Rule 23(c)(2). Specifically, notice must clearly, concisely, and comprehensibly state: (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney should he or she desire; (5) that the court will exclude any class member requesting exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members, regardless of whether a member may have a stronger individual claim of liability. Fed. R. Civ. P. 23(c)(2)(B).

Because of delays by the parties and this court–not to mention the ongoing coronavirus pandemic–the existing schedule does not give Matthias's counsel enough time to prepare and send the notice to the prospective class members and allow class members to respond. So, the remainder of the schedule is struck, to be reset after obtaining input from the parties.

ORDER

IT IS ORDERED that

1. Plaintiff Robin Matthias's motion for class certification, dkt. 34, is GRANTED.

2. Plaintiff Matthias is appointed class representative.

3. Attorneys David Philipps, Mary Philipps, and Angie Robertson of Philipps & Philipps, Ltd. are appointed class counsel.

4. Plaintiff may have until May 4, 2020 to file a revised class definition and a proposed class notice. Defendants have until May 15, 2020 to respond.

5. The remainder of the schedule in this case is STRUCK. Not later than May 1, 2020, the parties are to submit their joint or competing rescheduling proposal(s).

Entered this 13th day of April, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge