IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBIN MATTHIAS, individually and
on behalf of others similarly situated,

                  Plaintiffs,

v.

TATE & KIRLIN ASSOCIATES, INC. and
LVNV FUNDING, LLC,

                  Defendants.

OPINION AND ORDER

19-cv-182-slc

Plaintiff Robin Matthias brings this action on behalf of himself and other similarly-situated individuals, alleging that defendants Tate & Kirlin Associates, Inc. (T&K) and LVNV Funding, LLC sent him and other consumers a form collection letter that failed to clearly state the name of the current creditor to whom their debt is owed, in violation the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g(a)(2). Before the court is Matthias's motion to compel defendants to produce: (1) evidence of their net worth–including financial statements, profit and loss statements, income statements, balance sheets, valuations, and federal tax returns–for the past three years; and (2) the account histories of all class members. Dkt. 47. For the reasons explained below, I am granting the motion to the extent that I will order defendants to produce a current audited financial statement with the underlying accountant's notes, but if they do not have one, they must produce their most current financial statements, profit and loss statements, income statements, balance sheets, valuations, and federal tax returns. I am denying the motion in all other respects.

1

OPINION

I. Net Worth Statements

In or around June 2019, Matthias issued a request for production of documents to T&K and LVNV, seeking in part "[a]ll documents relating to your net worth for the last three years, including, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns." Dkt. 47-1, req. no. 6. After a protective order was entered on July 25, 2019, T&K produced a copy of its December 31, 2018 unaudited balance sheet and LVNV produced a copy of its December 31, 2017 balance sheet.[1] Defendants do not dispute that a debt collector's net worth is relevant to the issue of damages in a FDCPA class action. *See* 15 U.S.C. § 1692k(a)(2)(B) (FDCPA class action recovery shall not exceed $500,000 or 1% "net worth" of debt collector). Rather, they argue that Matthias's discovery request is overly broad and not proportional to his needs in this case. *See* Fed. R Civ. P. 26(b)(1) (discovery appropriate when it is relevant to claim and proportional to needs of case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). Defendants argue that the balance sheets that they produced suffice because the Seventh Circuit has defined "net worth" in the context of the FDCPA as "book net worth or balance sheet net worth." *Sanders v. Jackson*, 209 F.3d 998, 1001 and 1004 (7th Cir. 2000).

---

[1] Although LVNV contends that its net worth is irrelevant because it did not send Matthias the debt collection letter at issue and is merely the creditor to whom Matthias's account is owed, it responded to Matthias's discovery request on this issue so as to not further delay the discovery process. Because LVNV has not raised or otherwise developed this argument in response to Matthias's motion to compel, I have not addressed it.

However, as Matthias points out, courts in this circuit have made clear that evidence of net worth must include that information dictated by generally accepted accounting principles (GAAP). *Sanders*, 209 F.3d at 1001 ("[W]e also look to book net worth or balance sheet net worth as reported consistently with GAAP"); *Smith v. GC Servs. Ltd. P'ship*, 295 F. Supp. 3d 908, 910 (S.D. Ind. 2017) ("[A]n unaudited financial statement is not necessarily prepared in accordance with GAAP. The plaintiff is therefore entitled to a current audited financial statement for GC Services."). In the absence of a current audited financial statement, the court in *Smith* found that "the plaintiff is entitled to the kind of financial information that would permit the plaintiff (or an accountant) to test the reliability of the financial information shown on [an] unaudited financial statement," *id.* at 910 (requiring production of "current profit and loss statements, income statements, balance sheet, asset valuations, and tax returns"), which is exactly the kind of information Matthias asks for in document request no. 6.

I also agree with Matthias that an audited financial statement is not complete or fully explained without the underlying accountant's notes. *See e.g.*, *Fehribach v. Ernst & Young LLP*, 493 F.3d 905, 910 (7th Cir. 2007) (internal citations omitted) (describing auditor's duty to state opinion as to whether financial statements presented in conformity with GAAP and to identify circumstances in which they are not); *Johnson Bank v. George Korbakes & Co., LLP*, 472 F.3d 439, 443 (7th Cir. 2006) (citing Clyde P. Stickney & Roman L. Weil, *Financial Accounting: An Introduction to Concepts, Methods, and Uses* 17 (2000), for view that notes accompanying audit report "are an integral part" of financial statements).

Accordingly, defendants will be required to produce a current audited financial statement—from 2019 if available, or from 2018—with the underlying accountant's notes. If defendants do not have a 2018 or 2019 audited financial statement, then they must produce

3

their most current financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns. Because Matthias has not provided any reason for why he needs three years worth of defendants' financial information, I will not require its production.

## II. Class Member Account Histories

Matthias's RFP 1 asks for the names, last known address and telephone number, and the account histories of all putative class members. On May 1, 2020, T&K provided Matthias with a list of the class members, their addresses, and their T&K account numbers. LVNV did not have any documents responsive to the request.

Matthias argues that the class members' full account histories are necessary to "determine what discovery needs to be taken related to the underlying merits" of the class members' claims, verify each class member's membership in the class and their receipt of the debt collection letter, and help class counsel maintain contact with class members. Dkt. 47 at ¶9. According to Matthias, the putative class members' names and last known addresses are not sufficient to enable class counsel to contact their clients about representation and their understanding of the debt collection letter at issue. He argues that the account notes will contain phone numbers and details concerning defendants' interactions with the class, including whether any class member called T&K because of the collection letter.

I am not persuaded that Matthias needs the complete account histories of the putative class members. As defendants point out, Matthias has been provided with the identities of the class members, who all have claims identical to his: whether the debt collection form letter was misleading as to who owns the defaulted debt because it lists three different entities as the creditor, does not make clear what entity listed the debt for collection, and identifies twelve other

entities that may collect personal information. Therefore, an individualized review of each class member's account notes is unnecessary to the underlying merits of the class claims. If class counsel wish to contact putative class members as witnesses, then they can do so by mail or telephone. It is not clear whether T&K produced the last known telephone numbers for the class members, but if not, then it should do so.

Finally, Matthias has not provided any reason why it is necessary to double check defendants' identification of potential class members or to confirm class membership. Accordingly I am denying Matthias's motion to compel the class members' account histories.

ORDER

IT IS ORDERED that plaintiff Robin Matthias's motion to compel, dkt. 47, is GRANTED IN PART and DENIED IN PART:

(1) Defendants Tate & Kirlin Associates, Inc. and LVNV Funding, LLC must produce a current audited financial statement with the underlying accountant's notes. If defendants do not have a current audited financial statement, they must produce their most current financial statements, profit and loss statements, income statements, balance sheets, valuations, and federal tax returns statements.

(2) The motion to compel is DENIED in all other respects.

Entered this 8th day of June, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge